```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN CRAMER,
```

                    Plaintiff,                   **MEMORANDUM and ORDER**

       — against —                     04-CV-1122 (SLT)(SMG)

```
PAUL PYZOWSKI, Assistant Deputy Chief Clerk
and Supervisor of Court Officers of the Family
Court, State of New York, Kings County, and
ROBERT RATANSKI, Chief Clerk of the Family
Court of the State of New York, Kings County,
and JOHN DOES 1 through 10,
```

                    Defendants.
----------------------------------------------------------------X

**TOWNES, United States District Judge:**

       Plaintiff John Cramer ("Plaintiff" or "Cramer") commenced this action against Paul Pyzowski ("Pyzowski"), Assistant Deputy Chief Clerk of the New York State Family Court, Kings County, and Robert Ratanski ("Ratanski"), Deputy Chief Clerk of New York State Family Court, Kings County (collectively, "Defendants"), alleging discrimination and retaliation based on ethnicity and national origin, pursuant to 42 U.S.C. § 1983, and related state law claims.[1] Thereafter, Defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56(c), and by a Memorandum and Order dated May 25, 2007, this Court granted Defendants' motion, dismissing Plaintiff's action in its entirety. On August 10, 2007, a Judgment was entered by the Clerk of the Court in accordance with this Court's Memorandum and Order. Having failed to timely appeal the dismissal of his action, Plaintiff, now appearing *pro se*, moves this Court to extend the time

---

    [1] Plaintiff also alleged numerous other violations, including unlawful deprivation of a due process protected liberty interest and interference with right of access to the courts. In addition, he brought a conspiracy claim against Defendants pursuant to 42 U.S.C. §§ 1983 and 1985, and state law claims of defamation, libel, slander, and *prima facie* tort.

to file a notice of appeal, pursuant to Fed. R. App. P. 4(a)(5), or to reopen the time to file a notice of appeal, pursuant to Fed. R. App. P. 4(a)(6), and for other relief.[2]  For the reasons set forth below, Plaintiff's motion is DENIED.

## BACKGROUND[3]

On May 25, 2007, this Court issued a Memorandum and Order granting Defendants' motion for summary judgment and dismissing Plaintiff's action in its entirety, and on the same date, the Clerk of the Court ("Clerk") entered the Memorandum and Order on the docket. *See* Docket No. 54. Thereafter, the Clerk's office issued a separate Judgment in accordance with Fed. R. Civ. P. 58(a) on August 9, 2007, and entered the Judgment on the docket on August 10, 2007. *See* Docket No. 55.

Until recently, during the course of this litigation, Plaintiff has been represented by two attorneys, Linda Kushner, Esq. and Victor Carr, Esq.,[4] and a review of the docket reveals that both of Plaintiff's attorneys received electronic notice that the Clerk's office had entered this Court's Memorandum and Order and the corresponding Judgment on or about the same date that the documents were entered on the docket. Also, the Clerk's office has indicated on the Judgment's docket entry that it mailed copies of the Judgment to counsel for Plaintiff and Defendants on or about August 10, 2007, in accordance with the office's usual practice. In

---

[2] Plaintiff also seeks, pursuant to Fed. R. Civ. P. 58(a), an "order directing the filing of a separate document to be provided to Plaintiff Pro Se . . .". Since the Court issued a judgment separate from the Memorandum and Order dismissing Plaintiff's action, Plaintiff has no relief to seek under Fed. R. Civ. P. 58. *See* FED. R. CIV. P. 58(a) (providing, "Every judgment and amended judgment must be set forth on a separate document . . ."). As such, this aspect of Plaintiff's motion is denied.

[3] The complete factual and procedural history underlying Plaintiff's action is set forth in greater detail in this Court's Memorandum and Order dated May 25, 2007, which is incorporated herein.

[4] Mr. Carr, of the law firm Stock & Carr, Esqs., first appeared in this action nearly one year after the initial complaint was filed, and appeared as co-counsel with Ms. Kushner. *See* Docket No. 30.

addition, there is no evidence that the mailed copies of the Judgment were returned to that office or were undeliverable by the postal service.

As of August 10, 2007 – the date on which the Judgment was entered – Plaintiff's action was dismissed and the case was closed. Thus, pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure, Plaintiff or his counsel were required to file a notice of appeal by September 10, 2007. However, no notice of appeal was filed by that date, and Plaintiff's time to appeal has expired.[5]

On October 15, 2007 – thirty-five (35) days after the time period for filing a notice of appeal had expired – Plaintiff filed the instant motion for, *inter alia*, "an order pursuant to FRAP Rule 4(a)(5)(A)(ii) extending the time to file a Notice of Appeal of the Judgment, copy of which was provided to [Plaintiff] October 9, 2007 for excusable neglect or good cause; and pursuant to FRAP 4(a)(6) Reopening The Time To File An Appeal, this motion being made within 7 days of Plaintiff pro se receiving notice of the entry of judgment." In his motion, Plaintiff requests that the Court extend the deadline for filing a notice of appeal to "30 calendar days from the receipt of a decision and order upon this Motion . . .".

In explaining the reason for his untimely notice of appeal, Plaintiff states that the delay was almost entirely caused by his attorneys failing to apprise him of this Court's dismissal of his action due to a lack of communication, which he attributes to his failure to pay his legal fees. Affidavit of Plaintiff John Cramer dated October 12, 2007 ("Cramer Aff.") ¶ 2. To learn the status of his case, on October 9, 2007, Plaintiff visited this Court's Central Islip Courthouse

---

[5] Even if the Court were permitted to add three calendar days, pursuant to Fed. R. Civ. P. 6(e), to the time period in which he was to file his notice of appeal, *see Cordon v. Greiner*, 274 F. Supp. 2d 434, 437 n. 2 (S.D.N.Y. 2003) *aff'd,* No. 03-2599-PR, 2007 WL 786332 (2d Cir. Mar. 15, 2007) (summary order), altering Plaintiff's deadline would not save his untimely notice of appeal, as the instant motion was filed thirty-five (35) days after the time period had expired.

upon his own initiative, and for the first time learned that his case had been dismissed. *Id*. ¶¶ 2, 5. Plaintiff alleges that, prior to this date, his counsel had told him that both sides had cross-moved for summary judgment and they had "constantly and consistently reported to me that there was [no decision]." *Id*. ¶ 2. However, as this Court's Memorandum and Order indicates, only Defendants' filed a motion for summary judgment, and a decision on that one motion was rendered on May 25, 2007. *See Cramer v. Pyzowski*, No. 04 CV 1122(SLT)(SMG), 2007 WL 1541393 (E.D.N.Y. May 25, 2007). According to Plaintiff, he never received a copy of this Court's Memorandum and Order, and in his motion, requests that the Court provide a copy to him so he can properly prepare his notice of appeal.[6] Cramer Aff. ¶ 4. On Plaintiff's visit to the Central Islip Courthouse, however, he obtained a copy of the Judgment dismissing his action, but for unexplained reasons did not obtain a copy of the Memorandum and Order. *Id*. Attached to Plaintiff's motion papers as an exhibit is a copy of the Judgment, *id.* ¶ 2, Exh. 1, along with a decision from the Ninth Circuit Court of Appeals, *Balistreri v. Pacifica Police, et al.*, 901 F.2d 696 (9th Cir. 1990), and Plaintiff's untimely notice of appeal. *See* Cramer Aff., Exhs. 2-3. In response to Plaintiff's motion, Defendants filed a letter on November 21, 2007, in which they take no position on the relief sought in the motion.

## DISCUSSION

Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, "a notice of appeal in a civil case to which the United States is not a party must be filed within 30 days of entry of the judgment from which appeal is taken. This requirement is mandatory and jurisdictional."

---

[6] Plaintiff's failure to receive a copy of this Court's Memorandum and Order dated May 25, 2007, dismissing his action, is apparently the basis for his motion under Fed. R. Civ. P. 58(a). However, as noted above, *see* n. 2, this aspect of Plaintiff's motion is denied since Rule 58(a) only requires the Court to file a judgment in a separate document, which was properly done here.

4

*Martinez v. Hoke*, 38 F.3d 655, 656 (2d Cir. 1994) (internal citations and quotation marks omitted); *see also* 28 U.S.C. § 2107(a). Although Fed. R. App. P. 4(a) applies to appeals made to the court of appeals, only the district court has the power to extend the time to file a notice of appeal or reopen the time to file an appeal. *See* FED. R. APP. P. 4(a)(5) and (6), 26(b); *see also Martinez*, 38 F.3d at 656. Here, it is apparent that Plaintiff's motion is one for relief under both theories. Each basis for relief is discussed below.

Rule 4(a)(5)(A) provides as follows:

The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5); *see also* 28 U.S.C. § 2107(c). Unless a motion under this provision is made on or before the thirty-day period following the expiration date of filing a notice of appeal, the "district court lacks jurisdiction . . . to grant [the] motion." *Martinez*, 38 F.3d at 656 (citing *Melton v. Frank*, 891 F.2d 1054, 1056 (2d Cir. 1989) ("If . . . the motion to extend is not filed within subdivision (a)(5)'s grace period, the district court is without power to grant an extension.")); *see also Endicott Johnson Corp. v. Liberty Mutual Ins. Co.*, 116 F.3d 53, 56 (2d Cir. 1997).

Here, it is clear that Plaintiff's motion was not filed within thirty (30) days of the date on which his time to file a notice of appeal expired. As a result, this Court lacks jurisdiction to grant Plaintiff's motion for an extension of time to file a notice of appeal. *See Martinez*, 38 F.3d at 656.

The Court recognizes that Plaintiff personally learned of the dismissal of his action on October 9 – one day before his time to move for an extension of time to file a notice of appeal was to expire.[7] His motion, however, remains untimely, and this Court continues to lack jurisdiction. *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) ("the court may not extend this grace period unless a party so moves *no later* than 30 days after the expiration of the original time to file a notice of appeal under Rule 4(a).") (internal quotation marks omitted); *Endicott Johnson Corp.*, 116 F.3d at 56 ("the court [is not] authorized to grant a motion that was filed beyond the 30-day extension period.").

Plaintiff's second prayer for relief is predicated upon Rule 4(a)(6), which provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(5); *see also* 28 U.S.C. § 2107(c). To obtain relief under this provision, the moving party "must establish (1) that he was entitled to notice of entry of the judgment; (2) that

---

[7] Given that the Second Circuit has recognized the unjust results created by such strict adherence to these time limits, this Court – despite its sympathy for Plaintiff's predicament – is constrained to follow precedent and enforce such time limitations. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 367-68 (2d Cir. 2003) ("[T]he legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced - where every missed deadline was the occasion for the embarkation of extensive trial and appellate litigation to determine the equities of enforcing the bar.").

he did not receive such notice from the clerk or any party within 21 days of its entry; (3) that no party would be prejudiced by the extension; and (4) that he moved within 180 days of entry of the judgment or within 7 days of his receipt of such notice, whichever is earlier." *Avolio v. County of Suffolk*, 29 F.3d 50, 52 (2d Cir. 1994).

Plaintiff, a party to the action, easily satisfies the first requirement. *See* FED. R. CIV. P. 77(d) ("Immediately upon the entry of an order or judgment the clerk shall serve a notice of entry . . . upon each party who is not in default for failure to appear, and shall make a note in the docket of the service."). The third requirement has also been established since Defendants have failed to even indicate that they would suffer any prejudice.

As to the second and fourth requirements, Plaintiff's failure to personally receive the Judgment is immaterial because he was represented by counsel at the time the Clerk's office notified the parties that the Judgment was entered. As a result, "the notice of entry had to be received by counsel, not the party." *Avolio*, 29 F.3d at 53; *see also* FED. R. CIV. P. 5(b) ("Whenever . . . service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney."). Plaintiff's attempt to establish that he did not personally receive such notice is an insufficient basis upon which to grant the relief he requests. The docket indicates that Plaintiff's counsel received notice of the Judgment's entry on or about August 10, 2007 – the same date on which the document was entered by the Clerk's office. Moreover, the Clerk's office mailed to Plaintiff's counsel copies of the Judgment that were not returned to that office, thereby creating a presumption of receipt. *See Bourgal v. Robco Contracting Enterprises, Ltd.*, 17 F. Supp. 2d 129, 132 (E.D.N.Y. 1998). Plaintiff has failed to present any evidence to overcome this presumption.

Similarly, Plaintiff has failed to satisfy the fourth requirement because the date for determining the timeliness of his motion is the date on which his counsel received notice of the Judgment, not when he personally received notice. *See Avolio*, 29 F.3d at 53; *see also* FED. R. CIV. P. 5(b). Accordingly, this Court lacks jurisdiction to reopen the time in which Plaintiff may file a notice of appeal under Fed. R. App. P. 4(a)(5). *See Martinez*, 38 F.3d at 656 ("the district court lacks jurisdiction under Rule 4(a)(6) to reopen the time for appeal if the motion for such a reopening is made more than seven days after the movant received notice of entry.").

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to extend the time to file a notice of appeal, pursuant to Fed. R. App. P. 4(a)(5), or to reopen the time to file a notice of appeal, pursuant to Fed. R. App. P. 4(a)(6), and for other relief is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
November 30, 2007

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge